UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ROBERT CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00059-SEB-KMB |
| ) | |
| LEE H. DAVIDSON Deputy Ripley County Sheriff, ) | |
| JORDAN R. HARTMAN Deputy Ripley County Sheriff, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO WITHDRAW**

Plaintiff Robert Clark ("Mr. Clark"), proceeding *pro se*, brought this civil rights action against Defendants Ripley County Sheriff's Deputies Lee Davidson ("Deputy Davidson") and Jordan Hartman ("Deputy Hartman") (together, "Defendants"), alleging that Defendants used excessive force in arresting him and tampered with/destroyed evidence. Now before the Court is Mr. Clark's Motion to Withdraw. Dkt. 41.

**BACKGROUND**

Mr. Clark filed his Complaint on April 13, 2023, asserting claims against Defendants for excessive force, unlawful seizure of property, malicious prosecution, and tampering with and destroying evidence. Dkt. 1. On April 22, 2024, we screened the Complaint, pursuant to 28 U.S.C. § 1915, and permitted Mr. Clark's excessive force and tampering with/destroying evidence claims to proceed. Dkt. 13.

1

As discovery ensued, Defendants served (and re-served) Mr. Clark with interrogatories, a request for production, and a request for admissions. Despite twice confirming receipt of these discovery requests as well as receiving extensions of time to respond, Mr. Clark ultimately provided no discovery responses.

On November 25, 2024, after the close of discovery, Defendants moved for summary judgment and timely notified Mr. Clark of his right to respond and to submit evidence in opposition to summary judgment. Dkt. 31, 33. At a status conference on January 16, 2025, Mr. Clark confirmed his receipt of Defendants' summary judgment motion and acknowledged his nonresponse thereto. Dkt. 38, 39. On January 21, 2025, we directed Mr. Clark to show cause why the Court should not decide Defendants' Motion for Summary Judgment without the benefit of his response. Dkt. 40. The deadlines for responding to Defendants' summary judgment motion and for showing cause have long since passed without response from Mr. Clark.

Meanwhile, on December 27, 2024, Mr. Clark moved to withdraw his case without prejudice, dkt. 41, which motion we construe as a motion for voluntary dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(2). Due to Mr. Clark's failure to include a case name and number on his submission, however, the motion to withdraw was not entered on our docket until March 28, 2025. Defendants have opposed Mr. Clark's motion for voluntary dismissal. Although Mr. Clark has filed no reply, his motion is briefed and ripe for ruling.

## DISCUSSION

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." *Id.* As the language of Rule 41(a)(2) makes clear, "a court order is a prerequisite to dismissal," and "dismissal may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice [a] defendant may otherwise suffer from [a] plaintiff dismissing his complaint without prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). Such conditions include, for instance, requiring that the dismissal be with prejudice and/or requiring that the plaintiff pay the defendant's costs and attorney's fees. *See id.*; *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985). "[A] plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice." *Marlow*, 19 F.3d at 305.

Here, Mr. Clark seeks to voluntarily dismiss this action without prejudice, contending that he was "informed that it would be in [his] best interest" to do so. Dkt. 41 at 1. Deputies Davidson and Hartman have opposed Mr. Clark's motion, arguing that dismissal without prejudice, at this late stage, would impose undue prejudice, given the considerable expenses that they have expended to defend themselves in this litigation.

We have little hesitation in concluding that Deputies Davidson and Hartman "will suffer 'plain legal prejudice' as a result of . . . dismissal of the plaintiff's action" without

3

prejudice. *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). At this stage of the litigation, Deputies Davidson and Hartman have complied with all court-imposed deadlines and engaged in good faith discovery efforts. S*ee* dkt. 27 at 1 (Magistrate Judge noting that, "[f]or their part, Defendants have complied with their discovery obligations"). Furthermore, Defendants have timely prepared and filed a motion for summary judgment, suggesting that these proceedings have reached the point of a final resolution on the merits. Mr. Clark, by contrast, has shirked all court-imposed deadlines (including multiple extensions of time), thus demonstrating a lack of good faith effort to prosecute his claims. To permit Mr. Clark to dismiss this action without prejudice at this late state would therefore clearly impose significant legal prejudice on Defendants.

For these reasons, we hold that a voluntary dismissal without prejudice is unwarranted and unjust, pursuant to Federal Rule of Civil Procedure 41(a)(2). Under these circumstances, "an action shall not be dismissed at the request of a plaintiff." *Tolle v. Carrol Touch, Inc.*, 23 F.3d 174, 177–78 (7th Cir. 1994). Accordingly, Mr. Clark's motion for voluntary dismissal, dkt. 41, shall be granted **only on the condition that dismissal is with prejudice**. Mr. Clark shall have **twenty-one (21) days** from the date of this Order to withdraw his motion for voluntary dismissal or to accede to dismissal with prejudice. If Mr. Clark fails to withdraw his motion (or accede), the Court will grant his motion for voluntary dismissal specifying that the dismissal is **with** prejudice.

## CONCLUSION

As stated above, Mr. Clark is allowed **TWENTY-ONE (21) DAYS** from the date of this Order to withdraw his motion for voluntary dismissal or to accede in a dismissal

4

with prejudice. Dkt. 41. If Mr. Clark withdraws his motion to dismiss, the Court will address and resolve Defendants' Motion for Summary Judgment as currently briefed; if Mr. Clark does not withdraw his motion for voluntary dismissal, it will be granted with the condition that the dismissal is **with prejudice**.

    IT IS SO ORDERED.

Date: 6/5/2025

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT CLARK
29922
RIPLEY COUNTY JAIL - Inmate Mail
210 N Monroe St
Versailles, IN 47042

Douglas Alan Hoffman
Carson LLP
hoffman@carsonllp.com